IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ANTHONY KING,                            :

    Plaintiff,                       :

vs.                                      :   CIVIL ACTION 16-0502-CG-MU

LYNN EMMONS, *et al.*,                   :

    Defendants.                      :

## REPORT AND RECOMMENDATION

Plaintiff Anthony King, who is proceeding *pro se* and *in forma pauperis*, filed this § 1983 action while an inmate at Mobile County Metro Jail. (Doc. 1 at 1, 3). After filing the complaint, King was released from incarceration. (Doc. 4).

This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a)(2)(R). After careful consideration, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

**I. Complaint.** (Doc. 1).

In his brief complaint, King names Lynn Emmons and Lonnie Jefferson, probation officers at Community Corrections, as defendants. (Doc. 1 at 5, 6). King alleges as follows against these defendants:

In January 2016, King informed Emmons that he was taking Atripla, a

medication which would cause him to test positive for THC[1]; in addition, King states that a doctor at the Board of Health gave Emmons a list of his medications and indicated that he would test positive for THC. (*Id.* at 4, 6). After a urinalysis on September 2, 2016, he was locked up on September 9, 2016. (*Id.*). The test results were not sent off for confirmation because King did not have fifty dollars to pay for the confirmation, a shortage due in large part to his limited fixed disability income and having recently paid his probation fee. (*Id.*). At that point, Emmons extended his probation, which he maintains only judges can do, and then arrested him. (*Id.*). King claims Emmons is discriminating against him due to his medical status, as HIV positive, and his corresponding need to take Atripla for it. (*Id.* at 5). He also claims that she has caused him emotional distress and his unlawful imprisonment. (*Id.* at 6).

In addition to the claims related to Emmons, King alleges Jefferson violated HIPAA when he disclosed King's medical status in open court. (*Id.* at 5).

For relief, King requests that Emmons order his release and "to be compensated for punitive damages." (*Id*. at 8).

## II.  Analysis.

### A.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because King is proceeding *in forma pauperis*, the Court is reviewing his complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v.*

---

[1] THC is an abbreviation for tetrahydrocannabinol, which is the primary intoxicant in marijuana. https://www.merriam-webster.com/dictionary/THC (last visited Mar. 27, 2017).

*Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[2] In addition, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Moreover, dismissal for failure to state a claim is also warranted when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint. *Jones v. Bock,* 549 U.S. 199, 215, 127 S.Ct. 910, 920-21, 166 L.Ed.2d 798 (2007).

A court gives a *pro se* litigant's allegations a liberal construction and holds those litigants to a more lenient standard than those of an attorney, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). A court does not, however, have "license . . . to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments v. County of Escambia, Fla.,* 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Randall v. Scott*, 610 F.3d 701, 710 (11th Cir. 2010). Furthermore, the court treats factual allegations as true, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal*, 566 U.S. at 681, 129 S.Ct. at 1951. In

---

[2] *Neitzke*'s interpretation of 28 U.S.C. § 1915(d) is applied to § 1915(e)'s superseding statute, 28 U.S.C. § 1915(e)(2)(B). *Bilal v. Driver*, 251 F.3d 1346, 1348-49 (11th Cir.), *cert. denied*, 534 U.S. 1044 (2001).

addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

### B. Failure to State a Claim upon Which Relief Can Be Granted.

#### 1. Legal Standards Under 42 U.S.C. § 1997e(e).

"A complaint is subject to dismissal for failure to state a claim 'when its allegations, on their face, show that an affirmative defense bars recovery on the claim.'" *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008) (quoting *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003)). An affirmative defense is created by 42 U.S.C. § 1997e(e), which provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." *Id.* This statute provides a basis for the dismissal of plaintiff's present damages claims.

Section 1997e(e) was enacted by Congress "[i]n an effort to stem the flood of prisoner lawsuits in federal court[.]" *Harris v. Garner*, 216 F.3d 970, 971 (11th Cir.), *cert. denied*, 532 U.S. 1065 (2001). This section is "[r]ead as a limitation on recovery only[.]" *Harris v. Garner*, 190 F.3d 1279, 1288 (11th Cir. 1999) (finding that the Constitution does not "mandate[ ] a tort damages remedy for every claimed constitutional violation"), *opinion vacated by* 197 F.3d 1059, *opinion reinstated in part by* 216 F.3d 970 (11th Cir. 2000). By enacting this section, Congress chose to "preclude[ ] some actions for money damages[,]" *id.* at 1283, and "to enforce prisoners' constitutional rights through suits for declaratory and injunctive relief[,]" *id.* at 1289, and nominal damages. *Brooks v. Warden*, 800 F.3d 1295, 1307-09 (11th Cir. 2015).

4

Section 1997e(e) applies "only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody." *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir.), *cert. denied*, 540 U.S. 1112 (2004). The statute encompasses all claims with no exceptions provided. *Al-Amin v. Smith*, 637 F.3d 1192, 1197 (11th Cir. 2011) (holding no distinction is made between "constitutional claims frequently accompanied by physical injury (e.g., Eighth Amendment violations) and those rarely accompanied by physical injury (e.g., First Amendment violations)[;]" all constitutional claims are treated equally). The statute applies whether mental or emotional injury is pled. *Id.* at 1197 & n.5. In order to avoid dismissal under § 1997e(e), a prisoner's claim "must be accompanied by allegations of physical injuries that are greater than *de minimis*." *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1312–13 (11th Cir. 2002).

### 2. Application of Law to the Facts.

King filed this action while he was incarcerated, requested his release and to receive punitive damages. (Doc. 1 at 8). King's request for release can be construed as request for injunctive and declaratory relief, which are forms of relief contemplated by 42 U.S.C. § 1997e(e). However, on November 7, 2016, King advised the Court of a free-world address, which indicates to the Court that he has been released. (Doc. 4; *see* Doc. 1 at 7 - indicating his sentence will end in December, 2016). As a consequence of his release, his request for injunctive and declaratory relief is moot. *Mann v. McNeil*, 360 F. App'x 31, 31 (11th Cir. 2010) (unpublished) (affirming the dismissal of a request for declaratory relief as moot due to the Circuit's general rule that the "transfer or a release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory

relief"),[3] *cert. denied,* 562 U.S. 1009 (2010); *Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir.) (same), *cert. denied*, 488 U.S. 1046 (1989). Furthermore, because King challenged the fact and duration of his confinement and sought his release, the Court would not be able to grant his request for release in this § 1983 action, as habeas corpus is "the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." *Abella v. Rubino,* 63 F.3d 1063, 1065–66 (11th Cir.1995) (quoting *Heck v. Humphrey,* 512 U.S. 477, 481 (1994)).

On the request for damages, King has identified no physical injury in his allegations. But, in order for his claims for punitive damages to proceed, King must demonstrate that he suffered a physical injury greater than *de minimis*. *Mitchell*, 294 F.3d at 1313. Therefore, because King did not suffer a physical injury, § 1997e(e) bars his claims for punitive damages. *Holifield v. Mobile Cnty. Sheriff's Dep't of Mobile Cty., Ala.,* 2008 WL 2246961, at *4 (S.D. Ala. 2008) (unpublished) (holding that 42 U.S.C. § 1997e(e) barred an HIV inmate's federal claims challenging, among other things, his probation revocation, as he did not have a physical injury)*; Lakes v. States Bd. of Pardons & Paroles*, 2006 WL 870424, at *2 (N.D. Ga. 2006) (unpublished) (finding, among other things, that 42 U.S.C. § 1997e(e) barred her claim challenging her parole revocation as no physical injury was present). Furthermore, the Court cannot construe a request for nominal damages from his request for relief as he specifically asked for punitive damages. *See Qualls v. Santa Rose Cty. Jail,* 2010 WL 785646, at *3 n.1 (N.D. Fla. 2010) (unpublished) (dismissing the plaintiff's complaint as it "cannot be liberally construed as requesting nominal damages, because he specifically requested only $250,000 in

---

[3] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

compensatory and/or punitive damages"). Thus, King has failed to state a claim upon which relief can be granted in this action.

### C. Application of Heck v. Humphrey.

An alternate approach to King's claims against Emmons is to analyze the type of claims he is bringing against her. King claims he was not guilty of the probation violation for testing positive to THC because his prescribed medication caused the positive test result. In addition, King claims he could not have had his probation revoked or be imprisoned because he had finished serving his sentence. If the Court were to rule favorably for him on these claims, his probation revocation would be invalidated.

These claims are governed by the decision in *Heck v. Humphrey*, 512 U.S. 477, 487, 114 S.Ct. 2364, 2373, 129 L.Ed.2d 383 (1994), which held that claims challenging the legality of a prisoner's confinement or its duration are not recognized until the conviction, sentence, or probation revocation "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 487, 114 S.Ct. at 2373; *see Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir.) (applying *Heck*'s rationale to probation and parole revocations), *cert. denied*, 516 U.S. 851 (1995); *see also Vickers v. Donahue,* 137 F. App'x 285, 289-90 (11th Cir. 2005) (unpublished) (finding that the plaintiff could not proceed in the § 1983 action challenging the revocation of his probation for violating his conditions of probation because no favorable termination of his probation revocation had occurred); *accord Wilkinson v. Dotson,* 544 U.S. 74, 81-82, 125 S.Ct. 1242, 1248, 161 L.Ed.2d 253 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief

sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration."). Thus, at this time, the Court would not be able to rule on claims against Emmons which would invalidate King's probation revocation because his complaint does not show that invalidation of his probation revocation previously occurred in a manner described by *Heck*. For this alternate reason, King has failed to state a claim upon which relief can be granted against Emmons.

### D. Application of Absolute Quasi-Judicial Immunity.

In addition, other bases exist for dismissing King's claim against Jefferson. King's claim against Jefferson is for disclosing King's medical condition in open court in violation of HIPAA ("Health Insurance Portability and Accountability Act"). (Doc. 1 at 5). King's information about this claim is extremely brief. But the Court can glean from these bare allegations that a court proceeding was being conducted when Jefferson gave testimony that revealed King's HIV status. A witness who gives testimony at trial or in other judicial proceedings is given absolute witness immunity for damages for his testimony. *Briscoe v. LaHue*, 460 U.S. 325, 343-44, 103 S.Ct. 1108, 1119-20, 75 L.Ed.2d 96 (1983) (finding the police officer was entitled to absolute immunity from damages for his false testimony at trial); *Rehberg v. Paulk,* 566 U.S. 356, 369, 132 S.Ct. 1497, 1506, 182 L.Ed.2d 593 (2012) (holding a grand jury witness is entitled to the same immunity in a § 1983 action for his testimony before the grand jury that a trial witness receives in a § 1983 action); *Davis v. New York State Div. of Parole,* 2008 WL 3891524, at *12 (S.D.N.Y. 2008) (unpublished) (finding the parole officers were entitled to absolute immunity from damages for testimony as the state's witness in a fact-finding hearing); *cf. Holmes v.*

*Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005) (finding that "[a]lthough a parole hearing is not a criminal hearing or grand jury proceeding, we read the Supreme Court's and our previous cases to imply that parole officers enjoy immunity for testimony given during parole revocation hearings when they act within the scope of their duties," that is, absolute quasi-judicial immunity). Similarly, a probation officer is entitled to quasi-judicial immunity for his testimony at a probation revocation hearing. *Holt v. Glenn*, 361 F. App'x 75, 77 (11th Cir. 2010) (unpublished). Therefore, Jefferson would be entitled to quasi-judicial immunity from damages for his testimony. Furthermore, a private cause of action that an individual may bring does not exist for a violation of HIPAA's privacy provisions. *Bradley v. Pfizer, Inc.*, 440 F. App'x 805, 809 (11th Cir. 2011) (unpublished); *Taylor v. Sherman*, 2014 WL 1259737, at *3-*4 (S.D. Ala. 2014) (unpublished). Accordingly, for these additional reasons, King has failed to state a claim upon which relief can granted against Jefferson.

### III. Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted. *See Mann*, 360 F. App'x at 31 (affirming the dismissal of the complaint for failure to state a claim because § 1997e(e) barred his damages claims, as his injuries were not greater than *de minimis*, and his request for declaratory relief was rendered moot by his transfer); *Napier*, 314 F.3d at 532 (holding a dismissal pursuant to § 1997e(e) shall be without prejudice).

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the

manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this 3rd day of April, 2017.

                                                 s/ P. BRADLEY MURRAY
                                                 **UNITED STATES MAGISTRATE JUDGE**